IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LORENZO CHAVEZ RASCON, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Respondents. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> Case No. 2:26-cv-00161-RJS <br><br> District Judge Robert J. Shelby |

Before the court is Plaintiff Lorenzo Chavez Rascon's Emergency Motion for Temporary Restraining Order (TRO),[1] filed in conjunction with his Petition for Habeas Corpus.[2] Chavez asks the court to temporarily enjoin the government "from continuing his detention absent lawful statutory authority, from transferring him outside this Court's jurisdiction, and from executing removal while this action is pending."[3] The court heard from counsel for both parties at a Status and Scheduling Conference hearing on March 9, 2026.[4] At the hearing, the court issued an oral ruling granting in part Petitioner's Motion, ordering the government not to remove the Chavez from the United States while this proceeding is ongoing, give notice of Chavez's location within 24 hours, and provide Chavez meaningful and timely communication with counsel within 24

---

[1] Dkt. 10, *Emergency Motion for Temporary Restraining Order-Immigration Habeas Case* (*Motion*).

[2] Dkt. 9, *Amended Verified Petition for Habeas Corpus and Declaratory Action-Immigration Habeas Case* (*Amended Petition*); *see also* Dkt. 1, *Verified Petition for Habeas Corpus and Declaratory Action-Immigration Habeas Case* (*Original Petition*).

[3] *Motion* at 3.  The Amended Petition includes as Respondents Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director of Immigration and Customs Enforcement (ICE); Evan Tjaden, in his official capacity as Acting ICE Field Officer Director; and Andy Kopp, in his official capacity as the warden of the Uinta County Jail.  *See Amended Petition*.  This order refers to the Respondents collectively as the government.

[4] Dkt. 17, *Minute Entry for Proceedings Held Before Judge Robert J. Shelby* (*Minute Entry*)

1

hours thereafter.[5] This written order memorializes the court's oral ruling. As such, the court FINDS and ORDERS:

## BACKGROUND[6]

Chavez entered the United States in 2017 as a minor and presented himself (as part of his family) to Customs and Border Patrol at the border with an asylum claim.[7] As his asylum claim continued to be litigated in immigration court, Chavez applied for a U-visa, a type of temporary visa available to certain undocumented persons within the United States who cooperate with law enforcement.[8] On February 7, 2026, United States Citizenship and Immigration Services (USCIS) determined his petition for a U-Visa to be bona fide.[9]

On February 23, 2026, Chavez was arrested by Utah state authorities in connection with a suspected drug sale.[10] However, the narcotics involved in the suspected sale were later determined to be dried pinto beans.[11] While in state custody at Salt Lake County Jail, Immigration and Customs Enforcement (ICE) issued an immigration detainer for the jail to continue detaining Chavez so ICE could take custody.[12] Chavez filed his Original Habeas Corpus Petition on February 25, 2026, challenging the grounds upon which the immigration

---

[5] *Minute Entry.*

[6] The following facts are drawn from the Original Petition, the Amended Petition, Motion for TRO, and from representations made by counsel at the hearing on March 9, 2026. *See Original Petition*; *Amended Petition*; *Motion*; *Minute Entry*.

[7] *Minute Entry.*

[8] *See id.; Amended Petition* ¶ 47; *see also* 8 U.S.C. § 1101(a)(15)(U) (identifying noncitizens who qualify for a U visa).

[9] *Amended Petition* ¶ 3; *Minute Entry*; *see also* 8 C.F.R. 214.14(d)(2) ("All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list . . . . USCIS will grant deferred action or parole to U-1 petitioners and qualifying family members while the U-1 petitioners are on the waiting list. USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.").

[10] *Amended Petition* ¶¶ 43, 46; *Minute Entry*.

[11] *Amended Petition* ¶ 46.

[12] *Original Petition* ¶ 35; *Amended Petition* ¶ 2.

detainer was issued.[13]  While the court was reviewing the Original Petition, the state dismissed the charges against Chaves, and ICE took custody of Chavez from the Salt Lake County Jail.[14]

On March 3, 2026, Chavez filed the Amended Habeas Corpus Petition and Emergency Motion for TRO.[15]  At the hearing on March 9, the parties represented the following: At the time of filing and up until the hearing, Chavez's counsel was not informed of the location of his client, nor had he been given a means to communicate with him.[16]  The government stated it was still considering whether to grant Chavez deferred action for his bona fide U-visa petition, but could not clearly state the grounds for which it would be denied or revoked.[17]  Nor could the government guarantee that Chavez would not be removed while the Habeas Petition was being considered.[18]  Chavez has a removal order against him which was in the appeals process when his U-visa petition was determined to be bona fide.[19]

## JURISDICTION

The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it is a habeas corpus petition brought under 28 U.S.C. § 2241.  The court has personal jurisdiction over the parties because Chavez was detained in Utah when the Original Petition was filed.[20]  At the hearing, counsel confirms the government does not intend to challenge personal jurisdiction or venue.[21]

---

[13] *Original Petition* ¶ 4.

[14] *Amended Petition* ¶¶ 45, 48; *Minute Entry*.

[15] *Amended Petition*; *Motion*.

[16] *Minute Entry*; *see also Amended Petition* ¶ 7.

[17] *Minute Entry*.

[18] *Id.*

[19] *Id.*

[20] *Original Petition* ¶ 16.

[21] *Minute Entry*.

## ANALYSIS

Emergency preliminary injunctive relief, such as a TRO, is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[22] To prevail on a motion for a TRO, Rule 65 of the Federal Rules of Civil Procedure requires that a movant show "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest."[23] The first two factors are the "most critical" for determining whether to grant a TRO.[24] Meanwhile, the third and fourth factors "merge when the Government is the opposing party."[25] Considering the four factors in light of the representations made by counsel, the court concludes that Chavez had satisfied these requirements sufficient to grant in part a temporary restraining order with the restrictions discussed below.

### I.    Petitioner Demonstrates a Strong Likelihood of Success on the Merits.

Accepting as true all the facts stated by the government at the hearing, no facts undermined the strength of Chavez's showing of likely success on the merits of his habeas claim. 8 U.S.C. § 1226 governs the apprehension and detention of admitted aliens[26] during immigration

---

[22] *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008); *see also* Fed. R. Civ. P. 65.

[23] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (citation omitted); *see also Guidance Endodontics, LLC v. Dentsply Int'l., Inc.*, 633 F. Supp. 2d 1257, 1267 (D.N.M. 2008) (citing 13 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 65.36(a) (3d ed. 2004) ("The requirements for the issuance of a TRO are similar to those for the issuance of a preliminary injunction. The primary difference between a TRO and a preliminary injunction is that a TRO may issues without notice to the opposing party and that a TRO is of limited duration . . . .").

[24] *Nken v. Holder*, 556 U.S. 418, 434 (2009).

[25] *Id.* at 435.

[26] Courts tend to use "alien" or "noncitizen" to refer to individuals seeking relief under the immigration statutes. *Compare Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (using "aliens"), *and Awan v. Mather*, No. 2:23-cv-00258-DBB-DAO, 2023 WL 7002617, at *11 (D. Utah Oct. 24, 2023) (same), *with Thuraissigiam*, 591 U.S. at 158 (Sotomayor, J. dissenting) (using "noncitizens"), *and Vivint, Inc. v. Mayorkas*, 614 F. Supp. 3d 993, 996 (D. Utah 2022) (same). This Order uses the two terms interchangeably.

proceedings.[27] The statute provides that an alien may be "detained pending a decision on whether the alien is to be removed . . . the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on [bond]."[28]  While the statute provides the government discretion regarding detention, the Supreme Court has held such discretionary detention may not exceed "a period reasonably necessary to secure removal . . . if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."[29]

Here, it appears that Chavez's deferred action status makes removal unforeseeable, and therefore unreasonable.  Chavez appears to have deferred action status from his February 2026 USCIS determination finding he presented a bona fide U-visa petition.[30]  Because there is currently a severe backlog of U-visa petitions,[31] it is likely that he will remain in deferred action for many years to come.  As such, his immigration proceedings and removal would certainly not be considered foreseeable.

The government has not presented any information indicating that Chavez's deferred action status has been revoked or is expected to be revoked.  While Chavez was arrested by state police on charges related to selling narcotics (in and of itself grounds for detention and

---

[27] 8 U.S.C. § 1226.  At the March 9 hearing, counsel for the government stated 8 U.S.C. § 1225 should instead apply.  However, § 1225 only applies to Aliens who have "not been admitted."  Government's counsel also stated that upon arriving at the Southern Border as a child, the Chavez family presented themselves to border agents with an asylum claim.  As such, they would have been admitted at that point, and § 1225 likely is inapplicable.

[28] 8 U.S.C. § 1226(a).

[29] *Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001) (this case concerns a different statute, 8 U.S.C. § 1231(a)(6), that similarly provides the Attorney General discretion on whether to continue detaining a person, here following a final order of removal).

[30] Government's counsel argued Chavez does not have status. But the governing regulation states, "USCIS will grant deferred action or parole to U-1 petitioners and qualifying family members while the U-1 petitioners are on the waiting list." 8 C.F.R. § 214.14(d)(2).  Because Chavez has deferred action, the court finds he likely has status.

[31] *See Minute Entry* (counsel for the government stated it is currently up to ten years).

removal),[32] Chavez was not charged by the State of Utah with any crime.[33] The alleged narcotic proved to be pinto beans.[34] The government had effective notice of the Habeas Petition on February 25, 2026, nearly two weeks before the March 9 hearing. However, despite this time, the government has not yet identified a removable federal offense or any other basis on which to base revoking Petitioner's deferred action status.[35] Deferred action may not be rescinded arbitrarily.[36] Absent any such reasonable grounds for revocation, based on the record before the court, Chavez has met his burden to show a likelihood of success on the merits that the government is detaining him indefinitely while keeping him in deferred action status in violation of 8 U.S.C. § 1226(a) and the Constitution.

### II.     Petitioner Suffers Irreparable Harm.

Chavez's continued detention—if indeed unlawful—constitutes an irreparable harm. Chavez must show that "irreparable injury is *likely* in the absence of an injunction."[37] "When a plaintiff is asserting an injury in the form of a violated constitutional right, [the Tenth Circuit] presume[s] that the injury will be irreparable if it exists."[38] Irreparable harm is also established when the plaintiff shows a likelihood of success on the merits for a constitutional violation.[39] Here, Chavez alleges that his detention violates his rights of due process under the Fifth

---

[32] *See* 8 U.S.C. 1226(c)(1).

[33] *See Minute Entry.*

[34] *Amended Petition* ¶ 46.

[35] *See Minute Entry.*

[36] *See DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 8–9 (2020) (holding the repeal of the Deferred Action for Childhood Arrivals to be arbitrary and capricious under the APA). There, the Court considered the revocation of deferred action as a policy for a class and not pertaining to an individual, but the ruling that deferred action may not be revoked arbitrarily remains the same and is applicable here.

[37] *Winter*, 555 U.S. at 22.

[38] *Ortega v. Grisham*, 148 F.4th 1134, 1142 (10th Cir. 2025).

[39] *Id.*

Amendment.[40]  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."[41]  Chavez's detention thus concerns a fundamental constitutional right, and he is also likely to prevail on the merits of his claim against the asserted constitutional violation.  And throughout this process, he has been denied access to communications with his lawyer.  Altogether, these injuries satisfy the requirement for irreparable harm necessary to obtain emergency relief.

### III.     Balance of Harms and Public Interest Weighs Heavily Towards Granting the Motion.

Chavez has adequately shown that the balance of harms and public interest weigh in favor of providing the requested emergency relief.  The harm to the government from granting the TRO in this case is limited.  The government represented that it did not oppose a TRO preventing Chavez's removal while this case is ongoing.[42]  Chavez has been granted deferred action status which the record does not indicate has been revoked.[43]  There is no allegation that he is "particularly dangerous" to the public, or that he has "substantially prolonged his stay by abusing the processes provided to him."[44]  While the public does have an interest in efficiently removing people unlawfully within the country,[45] this alone does not outweigh the irreparable harms Petitioner stands to suffer for constitutional violations.  The government's interest in efficient removal, even under claims of national security threats (which is not alleged here), must

---

[40] *Motion* at 3–5.

[41] *Zadvydas*, 533 U.S. at 690.

[42] *Minute Entry*.

[43] *See id.*; *Motion*; *Amended Petition*.

[44] *Nken*, 556 U.S. at 436.

[45] *Id.*

still give way to a person's due process right to "have sufficient time and information to reasonably be able to contact counsel, file a [habeas] petition, and pursue appropriate relief."[46] Therefore, the balance of harms and public interest lean heavily toward providing emergency relief to ensure Chavez due process rights are not violated.

## CONCLUSION

For the reasons explained above, the court GRANTS IN PART Petitioner's Emergency Motion for Temporary Restraining Order[47] and ORDERS as follows:

1. The court enjoins and restrains the government, and any officers, employees, agents, or any other person or entity acting on behalf of the government, collectively or individually, from removing Chavez from the United States, pending further order from this court.

2. The court orders the government to provide notice to Petitioner's counsel, Alec Bracken, of Chavez's location by 3:00 p.m. on March 10, 2026.

3. The court orders the government to provide Petitioner meaningful and timely access to communicate with his counsel within 24 hours of providing counsel notice of his location, and no later than 3:00 p.m. on March 11, 2026.

4. The government are ORDERED TO SHOW CAUSE why the Petition for Habeas Corpus should not be granted no later than 5:00 p.m. on March 12, 2026. Petitioner may file a reply no later than 5:00 p.m. March 13, 2026. A hearing will be set following briefing if necessary.

5. In light of the outstanding Order to Show Cause, other relief sought in Petitioner's

---

[46] *A.A.R.P. v. Trump*, 605 U.S. 91, 95 (2025).
[47] Dkt. 10.

Motion[48] are denied.

6. Petitioner is not required to post bond because "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."[49]

SO ORDERED this March 11th, 2026, at 11:45 A.M.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[48] *Motion* at 9–10.

[49] *Jorgenson v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003); see also *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009) (affirming preliminary injunction without bond and noting "the latitude given to courts in making bond decisions").